IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Case No. BK12-42382 |
| | ) | Chapter 13 |
| NINA SOBCHUK, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |

**MOTION FOR RELIEF FROM CO-DEBTOR STAY PROVIDED IN 11 U.S.C. 1301**

Comes Now the secured creditor, Ally Financial ("Ally") and, pursuant to *United States Bankruptcy Rule 4001* and *11 U.S.C. 362(a),* moves this Court for an Order granting Ally Relief from the Co-debtor Stay provided in *11 U.S.C. 1301*. In support of its said Motion, Ally states and alleges as follows:

1. Ally is a secured creditor in the above captioned bankruptcy proceeding.

2. The debtor Nina Sobchuk was at all times pertinent hereto a resident of Lincoln, Nebraska.

3. Ihor Sobchuk is not a party to this bankruptcy proceeding but is a co-borrower on the Retail Installment Sale Contract Simple Finance Charge referenced hereinafter. Ihor Sobchuk was at all times pertinent hereto a resident of Lincoln, Nebraska.

4. On or about July 21, 2011, the debtor and co-borrower entered and delivered a Retail Installment Sale Contract Simple Finance Charge ("Contract") to Williamson Automotive LLC, d/b/a Williamson Honda ("Dealer") in conjunction with the purchase of a 2010 Honda Ridgeline, VIN #5FPYK1F28AB002391 ("Collateral"). A true

and correct copy of said Contract is attached hereto, marked Exhibit "A" and by this reference made a part hereof.

5. On or about October 31, 2012, the debtor filed for Relief under Chapter 13 of the *United States Bankruptcy Code* with the United States Bankruptcy Court for District of Nebraska. Pursuant to *11 U.S.C. 362(a)*, the filing of the debtor's original bankruptcy petition operated as an automatic stay against Ally's rights to protect its interest in its collateral.

6. Ally has not received the payments from the debtor or co-borrower that have accrued under the terms of the Contract

7. A continuation of the Automatic Stay provided in *11 U.S.C. 362(a)* will cause real and irreparable harm to Ally and will deprive Ally of the adequate protection to which it is entitled and cause does exist for the lifting of the Automatic Stay provided in *11 U.S.C. 362(a)* for the following reasons among others:

   (a) The debtor and co-borrower are in default of their Contract with Ally in that they have not made the payments which have accrued on the Contract;

   (b) The Collateral is not necessary for the effective reorganization of the debtor;

   (c) Upon information and belief, debtor does not have the necessary funds to adequately maintain the Collateral.

8. Ally also exerts that cause exists for the lifting of the Stay provided in *United States Bankruptcy Rule 4001(a)(3)*, thus allowing the requested Order for Relief to immediately be effective should the Court grant Ally's request for Relief.

WHEREFORE, Ally prays this Court for an Order:

(a) Granting it relief from the Co-debtor Stay provided in *11 U.S.C. 1301;*

(b) Waiving the "Stay" provided in the *United States Bankruptcy Rule 4001(a)(3);* and

(c) For such other and further relief as the Court deems just and proper.

DATED this 5th day of December, 2012.

ALLY FINANCIAL, Creditor

By: /s/ Frederick D. Stehlik

Frederick D. Stehlik, #15481
Gross & Welch, P.C., L.L.O.
2120 South 72nd Street, #1500
Omaha, NE 68124-2342
(402) 392-1500
(402) 392-1538 facsimile

ATTORNEYS FOR CREDITOR

**9013 NOTICE**

TO: All Parties in Interest

You are hereby notified that Ally Financial has filed a Motion for Relief from Co-Debtor Stay, a copy of which is attached hereto as Exhibit "A". **Nebraska Bankruptcy Rule 9013 applies to this motion.**

You are further notified that any objection/resistance or request for hearing on the Motion must be filed within twenty one (21) days of the date of filing of said motion, or on or before **December 26, 2012**. If the resistance period expires without the filing of any resistance or request for hearing the Court will consider entering an order granting the relief sought without further notice or hearing. If a timely resistance or request for a hearing is filed the Clerk shall schedule a hearing.

ALLY FINANCIAL, Creditor

By: /s/ Frederick D. Stehlik

Frederick D. Stehlik, #15481
Gross & Welch, P.C., L.L.O.
2120 South 72nd Street, #1500
Omaha, NE 68124-2342
(402) 392-1500
(402) 392-1538 facsimile
ATTORNEYS FOR CREDITOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on the following individual by regular U.S. mail, postage prepaid, or electronically, on this 5th day of December, 2012.

Francis X. Skrupa, skrupa2@yahoo.com

Kathleen Laughlin, klaughlin@ne13trustee.com

Patricia Dugan Fahey, patricia.dugan@usdoj.gov

Nina Sobchuk
2610 W South Street
Apt. 111
Lincoln, NE 68522

Ihor Sobchuk
2610 W South Street
Apt. 111
Lincoln, NE 68522

/s/ Laurie A. Allmendinger
Laurie A. Allmendinger

92-Sobchuk/#63E9110

768945

**RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| IHOR I SOBCHUK<br>2610 W SOUTH ST #213<br>LINCOLN NE 68522 | NINA V SOBCHUK<br>2610 W SOUTH ST #213<br>LINCOLN NE 68522 | WILLIAMSON AUTOMOTIVE LLC DBA<br>WILLIAMSON HONDA<br>2770 YANKEE HILL ROAD<br>LINCOLN, NE 68516 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2010 | HONDA RIDGELINE | 5650 | 5FPYK1F28AB001331 | Personal, family or household unless otherwise indicated below ☐ business ☐ agricultural |

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 9.59 % | $ 7367.00 | $27512.00 | $ 34879.00 | $ 34879.00 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 581.32 | Monthly beginning 09/04/11 |
| Or As Follows: | | N/A |

Late Charge. If a payment is not received in full within 15 days after it is due, you will pay a late charge of 5% of each installment that is late. The charge will not exceed $25 if you bought the vehicle primarily for personal, family, or household use.

Prepayment. If you pay off all your debt early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. [remainder illegible]

Other Optional Insurance

N/A Type of Insurance — N/A Term
Premium $ N/A
Insurance Company Name N/A
Home Office Address N/A
☐ N/A Type of Insurance — N/A Term
Premium $
Insurance Company Name N/A
Home Office Address N/A

Other optional insurance is not required to obtain credit. [remainder illegible]

I want the insurance checked above.

N/A Buyer Signature — Date
N/A Co-Buyer Signature — Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): [fine print illegible] N/A

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (including accessories, services and taxes) N/A N/A — $ 26995.00 (1)
2. Total Downpayment =
   - Trade-In (Year) (Make) (Model)
   - Gross Trade-In Allowance $ N/A
   - Less Pay Off Made By Seller $ N/A
   - Equals Net Trade In $ N/A
   - + Cash $ N/A
   - + Other N/A $ N/A
   - (If total downpayment is negative, enter "0" and see 4I below) $ 0.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) $ 26995.00 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts):
   - A Cost of Optional Credit Insurance Paid to Insurance Company or Companies: Life $ N/A; Disability $ N/A — $ N/A
   - B Vendor's Single Interest Insurance Paid to Insurance Company — $ N/A
   - C Other Optional Insurance Paid to Insurance Company or Companies — $ N/A
   - D Optional Gap Contract — $ 500.00
   - E Official Fees Paid to Government Agencies: to N/A for N/A $ N/A; to N/A for N/A $ N/A; to N/A for N/A $ N/A
   - F Government Taxes: Sales tax $ N/A; Motor vehicle tax $ N/A; Wheel tax $ N/A; Other (Describe) $ N/A — $ N/A
   - G Government License and/or Registration Fees: Registration fee N/A; Permit fee N/A; Other (Describe) TITLE/LIEN FEE $ 17.00 — $ 17.00
   - H Government Certificate of Title Fees
   - I Other Charges (Seller must identify who is paid and describe purpose): to N/A for Prior Credit or Lease Balance $ N/A; to N/A for N/A $ N/A (repeated lines, all N/A)
   - Total Other Charges and Amounts Paid to Others on Your Behalf $ 517.00 (4)
5. Amount Financed (3 + 4) $ 27512.00 (5)

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use: If a payment is not received in full within N/A days after it is due, you will pay a late charge of $ N/A or N/A % of the part of the payment that is late, whichever is less. If this box is not checked, the late charge in the "Federal Truth-in-Lending Disclosures" will apply.

Returned Check Charge: You agree to pay a charge of $ 15 if any check you give us is dishonored.

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 60 Mos. GAP — Name of Gap Contract

I want to buy a gap contract.

Buyer Signs [signature] [signature]

**NO COOLING OFF PERIOD**

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs [signature] Co-Buyer Signs [signature]
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO THE BUYER. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X [signature] Date 07/21/11 Co-Buyer Signs X [signature] Date 07/21/11

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X WILLIAMSON AUTOMOTIVE LLC DBA Address N/A
Seller signs WILLIAMSON HONDA Date 07/21/11 By X [signature] Title SOS MGR

Seller assigns its interest in this contract to ALLY FINANCIAL (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse ☐ Assigned without recourse ☐ Assigned with limited recourse
WILLIAMSON AUTOMOTIVE LLC DBA WILLIAMSON HONDA — Seller
By [signature] Title ADMIN.ASST

LAW FORM NO. 553-NE [fine print illegible]

ORIGINAL LIENHOLDER

**OTHER IMPORTANT AGREEMENTS**

1. FINANCE CHARGE AND PAYMENTS
   a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. YOUR OTHER PROMISES TO US
   a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. Security Interest.
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.
   d. Insurance you must have on the vehicle.
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. What happens to returned insurance, maintenance, service, or other contract charges. If we get a refund of insurance, maintenance, service, or other contracts, you agree that we may subtract the refund from what you owe.

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES
   a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe at once after we give you any notice the law requires. Default means:
      1. You do not pay any payment on time; or
      2. You start a proceeding in bankruptcy or one is started against you or your property; you give false, incomplete, or misleading information on a credit application; or you break any agreements in this contract, except that if you bought the vehicle primarily for personal, family, or household purposes, we will only treat these events as defaults if they significantly impair the prospect of payment, performance, or realization of the collateral.

      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may only take the vehicle if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.
   d. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   e. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   f. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. WARRANTIES SELLER DISCLAIMS
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Servicing and Collection Contacts.
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. Applicable Law
   Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. [illegible]