# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | BK. NO. 12-42382-TJM |
| ) | |
| NINA VIKTOROVNA CHESNOK ) | CHAPTER 13 |
| SSN: ###-##-7833 ) | |
| ) | |
| ) | |
| ) | |
| **Debtor.** | |

## TRUSTEE'S NOTICE OF PAYMENT DEFAULT

**COMES NOW**, Kathleen A. Laughlin, Chapter 13 Trustee, and moves the Court to dismiss the Chapter 13 case of the above referenced debtor pursuant to 11 U.S.C. Section 1307(c)(6) and Neb. R. Bankr. P. 3015-4. In support, the Trustee shows to the Court as follows:

(1) Debtor Plan was confirmed on: 12/27/2012
(2) Debtor payments are: $250.00 MONTHLY
(3) Total receipts to Trustee: $464.00
(4) Past Due amount as of the day of this notice: $536.00
(5) In addition to the past due amount, an additional payment of $250.00 will be due for: March 2013

**WHEREFORE**, the Trustee prays for the dismissal of this proceeding, and for such other and further relief as may be proper.

DATED: March 14, 2013

> s/Kathleen A. Laughlin
> Kathleen A. Laughlin, #16883
> Chapter 13 Trustee
> 13930 Gold Circle, #201
> Omaha, NE  68144
> (402) 697-0437
> 1-800-884-0437

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Trustee's Notice was served on FRANCIS X SKRUPA, debtor's attorney via the CM/ECF system of the United States Bankruptcy Court and a copy was mailed on March 14, 2013, by first-class, U.S. mail, postage prepaid to the Debtor at the address listed below:

NINA VIKTOROVNA CHESNOK
2610 W SOUTH STREET #111
LINCOLN, NE 68522

> s/Kathleen A. Laughlin
> Kathleen A. Laughlin

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN THE MATTER OF: | ) BK. NO.  12-42382-TJM |
| | ) |
| NINA VIKTOROVNA CHESNOK | ) CHAPTER 13 |
| SSN: ###-##-7833 | ) |
| | ) |
| | ) |
| | ) |
| **Debtor.** | |

## NOTICE OF TRUSTEE'S NOTICE OF PAYMENT DEFAULT

**PURSUANT** to Neb. R. Bankr. P. 3015-4, you are notified as follows:

1.) Kathleen A Laughlin, Chapter 13 Trustee, has filed a Trustee's Notice of Payment Default.

2.) Within 21 days of the mailing of the Notice of Payment Default or April 4, 2013, you must do one of the following:

    A. Cure all existing payment defaults, including making your next scheduled payment due before expiration of the 21 day period;

OR

B. If the debtor disputes the existence of the payment default, debtor shall file a request with the Clerk that the Notice of Payment Default be set for hearing. If the request sets forth facts in support of specific allegations of good cause, the Clerk shall schedule the Notice of Payment Default for hearing upon affidavit evidence. At the hearing, debtor shall be prepared to provide evidence that all plan payments have been made to the trustee and that a default does not exist. If the request does not set forth genuine facts disputing the default, the court will take no action on the request for hearing. The filing of a contested matter by the debtor such as an amended or modified plan or motion to suspend payments, shall not constitute a dispute as to the existence of the default and shall not, alone, preclude dismissal of the case.

    No action will be taken by the court on a request for hearing that is simply seeking additional time to cure a payment default or to take other action. If debtor is seeking additional time to respond to a trustee's notice of payment default, debtor shall make such request directly the trustee rather than file a request for hearing with the Clerk;

OR

C. Enter into a stipulation with the Trustee that provides a specific method for curing the delinquency. Attached hereto is a form stipulation that may be completed and faxed to the Trustee's office at phone number (402) 530-1869. The Trustee will then review the proposed stipulation and if she agrees to the proposed action for curing the delinquency, the stipulation will be signed by the Trustee and filed with the court. If the Trustee is not in agreement with the proposed method of curing the delinquency and will not enter into the stipulation, the attorney for the debtor will be advised by fax transmission. If the debtor is not represented, the debtor will receive notification from the Trustee by mail as to whether she will enter into the proposed stipulation.

3.) **DISMISSAL UPON PAYMENT DEFAULT UPON DECLARATION OF THE CHAPTER 13 TRUSTEE**
A Chapter 13 case shall be dismissed upon the filing of a declaration by the Chapter 13 Trustee establishing that Notice of Payment Default was provided to the debtor and debtor's counsel and that the debtor did not timely cure the payment default or take other curative action satisfactory to the trustee. The declaration shall state that the Chapter 13 Trustee has complied with this Local Rule, has served the Notice of Payment Default on the debtor and debtor's counsel, that the debtor has not timely cured the payment default and that the case should be dismissed.

DATED:  March 14, 2013

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN THE MATTER OF: | ) BK. NO.  12-42382-TJM |
| | ) |
| NINA VIKTOROVNA CHESNOK | ) CHAPTER 13 |
| SSN: ###-##-7833 | ) |
| | ) |
| | ) |
| | ) |

**Debtor.**

**STIPULATION REGARDING RESOLUTION OF TRUSTEE'S NOTICE OF PAYMENT DEFAULT**

**COMES NOW,** Kathleen A. Laughlin, Chapter 13 Trustee and the Debtor, by and through undersigned attorney and agree to resolution of the Trustee's Notice of Payment Default as follows:

The Debtor agrees as follows [Mark an "X" by the appropriate item and note the date by which the required action will take place]:

⎯ 1. No later than_____, 20_____the debtor agrees to cure the delinquent plan payments as well as pay all regular plan payments due through the above date. [Note: the Trustee will not agree to any extension to cure of more than 60 days].

⎯ 2. The debtor will file a Motion to Suspend plan payments no later than _____, 20_____. [Note: the Trustee will not agree to a Motion to Suspend when the suspension will cause the plan term to exceed 60 months from date of confirmation].

⎯ 3. The debtor will file an Amended Plan no later than _____, 20____ and obtain timely approval or confirmation of the amended plan to cure the delinquent payments.

⎯ 4. The debtor will file a Motion to Convert no later than _____, 20___.

[The Trustee will only agree to an amended plan, a motion to suspend, or an agreement to file a motion to convert that is to be filed within 30 days of the date that this stipulation is signed by the debtor's attorney. The Trustee will not enter into a stipulation if it is not signed and dated by the debtor's attorney and transmitted to the Trustee within two weeks of the issuance of the Trustee's Notice of Payment Default.]

**DEBTOR AGREES AND UNDERSTANDS THAT IF THE ACTION WHICH THEY HAVE AGREED TO TAKE ABOVE DOES NOT OCCUR, THEN THE TRUSTEE WILL FILE A DECLARATION WITH THE COURT REQUESTING DISMISSAL OF THIS CASE.  THIS STIPULATION DOES NOT AFFECT THE RIGHT OF ANY OTHER PARTY IN INTEREST TO SEEK DISMISSAL OF THIS CASE OR RELIEF FROM THE AUTOMATIC STAY.**

Dated _____    Signed _____
                                                                                        FRANCIS X SKRUPA,
                                                                                        Attorney for the Debtor

Dated _____    _____
                                                                                        Kathleen A. Laughlin, Chapter 13 Trustee

[Debtor's counsel should fax this proposed stipulation to the Trustee's Office at fax # 1-402-530-1869.]

[To FRANCIS X SKRUPA, Attorney for the Debtor]

The Trustee declines to enter into the above Stipulation for the following reasons:

Dated _____    _____
                                                                                        Kathleen A. Laughlin,
                                                                                        Chapter 13 Trustee